## VANCLEEF ET AL. *v.* BRITTON, RECEIVER.

[No. 7,416.   Filed February 23, 1910.]

1. APPEAL.—*Assignments of Errors.—Joint Complaint.*—A joint assignment, on appeal, that the plaintiff's complaint is insufficient, should be overruled, where the complaint is sufficient as to any of the defendants.   p. 389.

2. MORTGAGES.—*Foreclosure.—Parties.—Assignees.*—A mortgagee is entitled to a decree of foreclosure against not only the mortgagor, but also his assignees.   p. 389.

3. ABATEMENT.—*Plea in.—Another Action Pending.—Receivers.—Settlements.—Fraud.—Maintaining Independent Action.*—In a suit by a receiver to foreclose a mortgage against a person who had purchased certain property from such receiver, a plea in abatement alleging that the receiver had defrauded such purchaser, and that such purchaser had filed a petition in the receivership proceeding praying for relief because of such fraud, and that such petition was filed before the receiver filed the suit for foreclosure, is bad.   p. 390.

4. JUDGMENT.—*Defective.—Motion to Modify.*—The remedy for the erroneous rendition of a personal judgment, in a foreclosure suit, is a motion to modify.   p. 390.

From Superior Court of Marion county (76,209) ; *John L. McMaster,* Judge.

Suit by Charles O. Britton, as receiver of the Hoosier Sand and Gravel Company against Charles H. Vancleef and others.   From a decree for plaintiff, defendants appeal. *Affirmed.*

*Barrett & Barrett,* for appellants.

*Gavin, Gavin & Davis* and *Frank C. Olive,* for appellee.

RABB, J.—The appellee was, by order of the Superior Court of Marion County, in a certain action therein pending, appointed receiver for the Hoosier Sand and Gravel Company, a corporation, and upon the order of said court the appellee, as such receiver, sold to appellant Vancleef certain personal property, and as a part of the consideration therefor took the notes of appellants Vancleef and the Cincinnati Gas, Coke, Coal and Mining Company, secured by mort-

gage on the property sold, and certain real estate therein described. After the sale the mortgaged property was, with the consent of appellee, sold and delivered by appellant Vancleef to appellant Marion County Sand and Gravel Company.

This suit was, on leave of said court appointing appellee as receiver, instituted to recover on said notes and to foreclose the mortgage given to secure them, and all of the appellants were made parties thereto. The appellants filed a plea in abatement, a demurrer to which was sustained by the court. Appellant Marion County Sand and Gravel Company answered to the merits. No answer was made to the merits by appellants Vancleef and the Cincinnati Gas, Coke, Coal and Mining Company. A reply was filed by appellee to the Marion County Sand and Gravel Company's answer, and the cause was submitted to the court for trial. There was a finding and personal judgment in favor of appellee against all of the appellants for the amount due on the notes sued on, and a decree for the foreclosure of the mortgage securing them.

The errors relied upon for reversal call in question the sufficiency of the complaint to state a cause of action against appellant Marion County Sand and Gravel Company, the action of the court in sustaining the appellee's demurrer to the answer in abatement, and the rendition of judgment against appellant Marion County Sand and Gravel Company.

All of the appellants join in the assignment of error, and for this reason, if for no other, the objection pointed out to the complaint would be overcome, as no question is made but that it states a good cause of action as to the parties to the note, but it was also sufficient to withstand the demurrer as against appellant Marion County Sand and Gravel Company. Appellee was entitled to a foreclosure of its mortgage against all the parties.

The plea in abatement set up the fact that the proceeding in which the appellee was appointed receiver was still pending in the Superior Court of Marion County, and

3. that the purchasers of the property for which the notes sued on were given had been induced to make said purchase by reason of certain representations alleged to have been made to them by such receiver, and which were claimed to be false, and upon which representations a charge of fraud was predicated against the receiver. It is averred that the appellants had filed a petition in the court wherein said receivership was pending, asking to be allowed certain deductions from the purchase price of said property as a credit upon said notes, on account of said alleged fraud, and that, pending such petition, the appellee had, without notice to appellants, or any knowledge upon their part, procured leave of court to institute this suit, the theory of the answer in abatement being that the filing of such petition constituted the pendency of a prior action involving the same questions presented by the pleadings in this case. This position cannot be sustained. The filing of the petition was in no sense the commencement of an action within the meaning of the rule that would abate a civil action regularly instituted upon the notes. The court was not bound to take cognizance of appellants' petition, and might very properly ignore the petition, and, without notice to appellants, direct, as was done in this case, a suit to be instituted upon the notes, where the question of the appellants' right to defend against the notes or any part thereof, for any cause, could be properly presented for adjudication. There was no error in sustaining the demurrer to the plea in abatement.

It is contended that the cause should be reversed because a personal judgment was rendered against the Marion County Sand and Gravel Company, and that the

4. complaint did not authorize a personal judgment against said appellant. No motion was made to

modify the judgment in the court below, and appellants' remedy for an error of this character was by motion to modify.

No error appearing in the record, the judgment of the court below is affirmed.